```
 1 │ NORMAN J. RONNEBERG, JR. (SBN 68233)
   │ ANDREW B. DOWNS (SBN 111435)
 2 │ MARILYN RAIA (SBN 72320)
   │ BULLIVANT HOUSER BAILEY PC
 3 │ 235 Pine Street, Suite 1500
   │ San Francisco, California  94104-2752
 4 │ Telephone: 415.352.2700
   │ Facsimile: 415.352.2701
 5 │ E-mail:     norman.ronneberg@bullivant.com
   │             andy.downs@bullivant.com
 6 │             marilyn.raia@bullivant.com
 7 │ Attorneys for Defendants
   │ OOCL (USA), INC. and LONG BEACH
 8 │ CONTAINER TERMINAL, INC.
 9 │
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ELKAY PLASTICS COMPANY, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APM TERMINALS NORTH AMERICA, INC., a Delaware Corporation; EAGLE MARINE SERVICES, LTD., a Delaware Corporation; INTERNATIONAL TRANSPORTATION SERVICES, INC., a California Corporation; TOTAL TERMINALS INTERNATIONAL, LLC, a Delaware Limited Liability Company; WEST BASIN CONTAINER TERMINAL, LLC., a Delaware Limited Liability Company; LONG BEACH CONTAINER TERMINAL, INC., a California corporation; YUSEN TERMINALS, LLC, a  California Limited Liability Company; CALIFORNIA UNITED TERMINALS, INC., a California Limited Liability Company; SSA TERMINALS (LONG BEACH), LLC., a Delaware Limited Liability Company; SSA MARINE, INC., a Washington Corporation dba PACIFIC MARITIME SERVICES; APL LTD. USA, a California Corporation; | Case No.<br><br>**NOTICE OF REMOVAL** |

– 1 –

NOTICE OF REMOVAL
*ELKAY PLASTICS COMPANY V. APM TERMINALS NORTH AMERICA, INC.; et al.*

1  CHINA SHIPPING (NORTH AMERICA)
   AGENCY CO., INC., a Delaware
2  Corporation; COSCO CONTAINER LINES
   AMERICAS, INC., a Delaware Corporation;
3  HYUNDAI MERCHANT MARINE
   (AMERICA), INC., a California
4  Corporation; "K" LIND AMERICA, INC., a
   Michigan Corporation; MAERSK LINE,
5  LTD., a Delaware Corporation; NYK LINE
   (NORTH AMERICA), INC., a Delaware
6  Corporation; OOCL (USA), INC., a New
   York Corporation; UNITED ARAB
7  AGENCIES, INC., a Delaware corporation;
   WAN HAI LINES (AMERICA), LTD., a
8  California Corporation; PACIFIC
   INTERNATIONAL LINES (PTE), LTD., a
9  Singapore Limited Company; and DOES 1
   through 10,
10
                Defendants.
11

12      PLEASE TAKE NOTICE that named defendants OOCL (USA), Inc.[1] and
13 Long Beach Container Terminal, Inc. ("LBCT"), in accordance with the Class
14 Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 199 Stat. 4, codified in
15 pertinent part at 28 U.S.C. §§1332(d), 1446, and 1453, hereby remove to this
16 Court the captioned lawsuit filed in the Superior Court of the State of California,
17 for the County of Los Angeles, Case No. BC600032 (the "Action"). In support of
18 this Notice of Removal, defendants state:

### I. INTRODUCTION

20  1.   On November 4, 2015, plaintiff filed this Action on behalf of itself
21 and a putative Class of plaintiffs. The original complaint was never served on
22 OOCL or LBCTI. A first amended complaint was filed on December 14, 2015. It
23 was served on the aforementioned defendants on or after December 26, 2015.
24  2.   Plaintiff claims that it has been unfairly, tortiously, and illegally
25 charged with certain per diem, detention and demurrage charges by a number of

---

[1] OOCL (USA), Inc. has been identified by plaintiff herein as a defendant. However, as regards certain allegations made of plaintiff, OOCL, Inc. is the disclosed agent for Orient Overseas Container Lines, Ltd.

carrier and terminal defendants. (See, *e.g.,* First Amended Complaint ("FAC") (attached hereto as EXHIBIT B) at Sections I and II.)

3. According to plaintiff, the defendants engaged in certain unlawful business practices, including the violation of Cal. Bus. & Prof. Code §§17200 *et seq.* and §22928. Furthermore, plaintiff alleges that the defendants have tortuously breached their duties to itself, and others similarly situated, though a series of negligent misrepresentations. (*Id.* at ¶¶1, 2, 77, *ad passim*.)

4. Plaintiff defines the putative Class as follows: "Plaintiff is informed and therein alleges that the Class consists of over 1000 members." (*Id.*, ¶69)

5. Plaintiff claims compensatory damages on behalf of itself in the amount of $155,690.33 and for the 1000 members of the putative Class according to proof. (*Id.*, at ¶¶54, 61-66, 81, 82.)

6. As demonstrated below, this Action is removable pursuant to CAFA. The Action is a "class action" within the meaning of 28 U.S.C. §§1332(d)(1)(A), (B), and 1453(a); the removal is timely; there is the statutorily required diversity of citizenship between plaintiff and the defendants; there are at least 100 putative plaintiff class members; and the amount in controversy exceeds $5,000,000, exclusive of interests and costs. See, *Id.*, §§1332(d)(2), (d)(5)(B), (d)(6), 1441, 1446, 1453.

7. This Action was originally filed in the Superior Court of the State of California, for the County of Los Angeles and is, therefore, removable to this District. See 28 U.S.C. §1441(a). The defendants reserve, and do not waive, any objection they may have to service, jurisdiction, or venue, and any and all other defenses or objections to the Action, including but not limited to the lack of *in personam* jurisdiction over the defendants.

8. Pursuant to 28 U.S.C. §1446(d), the defendants will also file with the Los Angeles Superior Court a copy of this Notice of Removal.

## II. TIMELINESS OF REMOVAL

9. Plaintiff first filed the Action, but did not serve it, on November 4, 2015; the First Amended Complaint was filed on December 14, 2015. (See EXHIBITS A and B)  Defendant OOCL was served on or after December 26, 2015. This Notice of Removal is therefore timely. See 28 U.S.C. §§1446(b), 1453.

## III. DIVERSITY OF CITIZENSHIP

10. This Action satisfies CAFA's requirements for diversity of citizenship.

11. In this Action there is more than the minimal diversity. As set forth in the first amended complaint, plaintiff is incorporated, with its principal place of business, in the State of California. (FAC ¶¶13.) Defendant OOCL is a New York corporation with its principal place of business in Utah.[2]  Defendant Long Beach Container Terminal, Inc. is a California corporation. The fact that OOCL is a citizen of New York, and does not have its principal place of business in California means there is the minimal diversity required under CAFA.

12. Most, if not all, of the carrier defendants are incorporated, with their principal places of businesses in foreign countries, outside of the State of California. While a few of the terminal defendants have either their principal places of business in California, or are incorporated in California, the majority of the terminal defendants are located for CAFA and diversity purposes outside of California.

## IV. NUMBER OF PUTATIVE PLAINTIFF CLASS MEMBERS

13. Under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be 100 or more. See 28 U.S.C. §1332(d)(5)(B).

---

[2] Orient Overseas Container Lines Ltd. is a foreign corporation, with its principal place of business outside the United States.

14. Here, the number of putative plaintiff Class members is at least 100. Plaintiff alleges that there are more than 1,000 putative Class members. (FAC ¶69.) The defendants deny that the proposed class and claims are proper, but for purposes of this Notice, the defendants estimate that there are 1,000 putative Class members. This CAFA requirement is, therefore, satisfied.

## V.  THE AMOUNT IN CONTROVERSY

15. The defendants dispute that plaintiff has stated any viable claims or that damages or any other forms of relief are owed to plaintiff or to any member of the putative Class. Nevertheless, it is evident from the allegations of the complaint and the nature of plaintiff's claims that the amount in controversy exceeds CAFA's jurisdictional threshold of $5,000,000, exclusive of interest and costs. See, e.g., Lewis v. Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

16. First, plaintiff seeks money damages on behalf of itself in the amount of $150,000. If all of the 1000 putative class members claim similar damages, the total claimed damages would exceed $100,000,000; even if only 100 plaintiffs participate in this lawsuit, the collective damage claim would be $15,000,000 based upon the damages alleged by plaintiff alone – well above the $5,000,000 threshold for CAFA removals

17. Finally, plaintiffs seek attorneys' fees and costs under Code of Civil Procedure §1021.15. (FAC ¶92.) These additional amounts likewise must be included in the amount in controversy. See, e.g., Lowdermilk v. U.S. Bank Nat'l Ass'n., 479 F.3d 994, 1000 (9th Cir. 2007).

///
///
///

18. Accordingly, the amount in controversy in this matter for CAFA purposes exceeds $5,000,000.00, exclusive of interest and costs.

WHEREFORE, defendants OOCL and Long Beach Container Terminal remove this action to the United States District Court for the Central District of California.

DATED: January 13, 2016

BULLIVANT HOUSER BAILEY PC

By _____
Norman J. Ronneberg, Jr.
Andrew B. Downs
Marilyn Raia

Attorneys for Defendants
OOCL (USA), INC.) and LONG BEACH CONTAINER TERMINAL, INC.

15855885.1

*****